UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mid-Century Insurance Co.,

       Plaintiff,

                              **ORDER**
v.                              Civil File No. 89-245 (MJD/FLN)

North Star Auto, et al.,

       Defendants.

This matter is before the Court on Defendant Cyrus Juneau's claim that he is entitled to $4,000 from funds held by the Court since 1989. Having considered his unopposed request along with the files and records in this case, the Court will grant Juneau's claim and release funds in that amount.

This matter arose out of the 1988 bankruptcy of Nord Motor Company, which was insured by Plaintiff Mid-Century Insurance Company. On December 1, 1988, Plaintiff filed a Complaint in Interpleader in the United States Bankruptcy Court for the District of Minnesota. The Complaint was filed to allow Plaintiff to transfer the proceeds of a $25,000 Minnesota Motor Vehicle Dealer Bond to the Clerk of Court, so that the various claimants in this action would be required to interplead and determine their respective rights to the

proceeds of the $25,000 bond.  Plaintiff took this action due to the multiple claims made by various parties concerning entitlement to the proceeds.

This action was subsequently transferred to the District Court on March 27, 1989.  On June 21, 1989, Plaintiff deposited $25,000 with the Clerk of Court. [Docket No. 7.]  This $25,000 constituted the Bond proceeds which were the subject of the Interpleader action.  Ultimately, the claims of the defendants were never adjudicated, and on January 29, 1993 the case was closed because it had been pending for three years, with no action for over a year.  [Docket No. 13.] Consequently, the $25,000 proceeds of the bond were never distributed.

On January 12, 2011, the Court ordered that the defendants in this action would have thirty (30) days to submit a claim explaining their entitlement to the bond proceeds which were the subject of this action.  [Docket No. 14.]  Notice was provided electronically and by mail to the various defendants.

After nearly a year, only one of the defendants had responded to the Court's notice.  On February 10, 2011, the Court received a letter from Joseph Stark related to his 1988 claim in this matter.  [Docket No. 17.]  The record reflected that no party had ever objected to Stark's claim for $7,500.  The Court released $7,500 to Stark.

On July 31, 2013, the Court received a motion to release funds from Defendant Cyrus Juneau. [Docket Nos. 23-25] Juneau asserts that he had to pay off a $4,000.00 lien on a New Yorker automobile that he had traded in at North Star Auto because North Star Auto failed to pay of the lien as it had agreed to do. No party has filed an objection to Juneau's claim. Because, apart from Stark and Juneau, no other party has submitted a claim, and the funds held by the Court exceed the amount sought by Juneau, the Court shall release $4,000 to Stark pursuant to its January 12, 2011 Order.

The remaining funds will continue to be held in the Court's Unclaimed Funds Account. If additional parties believe that they are entitled to recovery from the funds, they may make a formal motion with this Court to have the money released from the Unclaimed Funds Account.

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer $4,000 from the Unclaimed Funds Account and disburse that amount to: Cyrus Juneau, 470 Arnica Drive, Watertown, Minnesota 55388.

Date:   September 26, 2013            s/ Michael J. Davis
                                                   Michael J. Davis
                                                   Chief Judge
                                                   United States District Court