UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mid-Century Insurance Co.,

        Plaintiff,

                                  **ORDER**

v.                               Civil File No. 89-245 (MJD/FLN)

North Star Auto, et al.,

        Defendants.

This matter is before the Court on Defendant Maas Motors, Inc.'s Motion for Release of Unclaimed Funds. [Docket No. 28] Maas Motors, Inc. ("Maas") claims that it is entitled to the remaining $13,500 of unclaimed funds currently held in this case. Having considered this unopposed request along with the files and records in this case, the Court will grant Maas' claim and release funds in that amount.

This matter arose out of the 1988 bankruptcy of Nord Motor Company ("Nord"), which was insured by Plaintiff Mid-Century Insurance Company. On December 1, 1988, Plaintiff filed a Complaint in Interpleader in the United States Bankruptcy Court for the District of Minnesota. The Complaint was filed to allow Plaintiff to transfer the proceeds of a $25,000 Minnesota Motor Vehicle Dealer Bond to the Clerk of Court, so that the various claimants in this action

would be required to interplead and determine their respective rights to the proceeds of the $25,000 bond. Plaintiff took this action due to the multiple claims made by various parties concerning entitlement to the proceeds.

This action was subsequently transferred to the District Court on March 27, 1989. On June 21, 1989, Plaintiff deposited $25,000 with the Clerk of Court. [Docket No. 7.] This $25,000 constituted the Bond proceeds which were the subject of the Interpleader action. Ultimately, the claims of the defendants were never adjudicated, and on January 29, 1993 the case was closed because it had been pending for three years, with no action for over a year. [Docket No. 13.] Consequently, the $25,000 proceeds of the bond were never distributed.

On January 12, 2011, the Court ordered that the defendants in this action would have thirty (30) days to submit a claim explaining their entitlement to the bond proceeds which were the subject of this action. [Docket No. 14.] Notice was provided electronically and by mail to the various defendants.

After nearly a year, only one of the defendants had responded to the Court's notice. On February 10, 2011, the Court received a letter from Joseph Stark related to his 1988 claim in this matter. [Docket No. 17.] The record

reflected that no party had ever objected to Stark's claim for $7,500.  The Court released $7,500 to Stark.

On July 31, 2013, the Court received a motion to release $4,000 in funds from Defendant Cyrus Juneau.  [Docket Nos. 23-25]  No party ever filed an objection to Juneau's claim.  In September 2013, the Court released $4,000 to Juneau.

On November 13, 2013, Maas filed the current Motion for Release of Unclaimed Funds.  Maas noted that it was a Minnesota corporation in the business of wholesale used motor vehicle sales.  (R. Maas Aff. ¶ 2.)  In 1988, Maas transferred possession of certain used automobiles to Nord for Nord to inspect and potentially purchase and then resell through Nord's used car dealership.  (Id. ¶ 4.)  Under the arrangement between Maas and Nord, if Nord decided to purchase a particular vehicle, a contract would be prepared and then Maas would transfer the title to Nord.  (Id.)  Maas claims that, instead, while Nord had possession of these vehicles, Nord sold them directly to Nord's customers.  (Id. ¶ 5.)  Nord then issued Maas checks as payment for the vehicles.  (Id. ¶ 6.)  However, Nord stopped payment on all of the checks and did not otherwise pay for the vehicles.  (Id.)  Maas claims that, in total, Nord owed it $24,151.37.  (Id.; R.

Maas Aff., Ex. 1, Feb. 10, 1989 Proof of Claim.)  It requests payment of $13,500, the remaining amount held by the Court.

On July 29, 1996, the Minnesota Secretary of State administratively dissolved Maas.  (R. Maas Aff. ¶ 8.)  Ronald Maas was the President and sole shareholder of Maas at the time that the corporation was dissolved.  (Id. ¶¶ 1, 9.) Currently, Ronald Maas is a principal in a different licensed motor vehicle wholesale business.  (Id. ¶ 8.)

First, the Court addresses whether Maas' claim, prosecuted by Ronald Maas, is viable given Maas' dissolution.  "After a corporation has been dissolved, any of its former officers, directors, or shareholders may assert or defend, in the name of the corporation, any claim by or against the corporation."  Minn. Stat. 302A.783.  Ronald Maas was the last President and sole shareholder of Maas.  (R. Maas Aff. ¶ 1.)  Thus, he has standing to assert a claim in Maas's name.  "[T]he plain language of Minn. Stat. § 302A.783 does not include a finite limitation on the time period following the corporation's dissolution in which the corporation or its shareholders may bring a legal claim."  Firstcom, Inc. v. Qwest Corp., No. Civ. 04–995 (ADM/AJB), 2004 WL 2315289, at *3 (D. Minn. Oct. 13, 2004).  Thus, although Maas dissolved in 1996, Minnesota law does not bar the current claim.

Next, the Court addresses the merits of Maas' claim. Under Minnesota Statute § 168.27, subdivision 24, Nord was required to maintain a bond "conditioned on the faithful performance by the licensee of the obligations imposed on persons engaged in motor vehicle transactions by the laws of this state, including the conduct required of a licensee by this section and other sections governing the sale or transfer of motor vehicles." Minnesota courts hold that this statute provides coverage under the bond "for a violation of obligations imposed upon it in connection with the sale or transfer of a motor vehicle." Minneapolis Auto Auction, Ltd. v. Spicer Auto Sales, Inc., 439 N.W.2d 23, 25 (Minn. 1989). A "dealer's issuance of checks without sufficient funds for the purchase of vehicles constitutes such a violation as to invoke the protection of the bond." Id. In this case, the record shows that Nord issued checks without sufficient funds to pay for the purchase of vehicles from Maas. Thus, Maas is entitled to claim its loss against the bond.

The Court concludes that Maas is entitled to recover the $13,500 it seeks against the remaining bond funds. There are now no remaining funds for this matter held in the Court's Unclaimed Funds Account. Given that no objections and no other claims have been made in the twenty-four years that the funds have

been held in the Court's account, the Court holds that any other potential claimants have now waived their claims on the bond. The Court will entertain no further claims.

**IT IS HEREBY ORDERED** that Defendant Maas Motors, Inc.'s Motion for Release of Unclaimed Funds [Docket No. 28] is **GRANTED**, and the Clerk of Court shall transfer $13,500 from the Unclaimed Funds Account and disburse that amount to: Maas Motors, Inc., in care of its attorney, Lee W. Mosher, Davern McLeod & Mosher LLP, Suite 180 Valley Square Corporate Center, 7500 Olson Memorial Highway, Golden Valley, Minnesota 55427.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  December 19, 2013                s/ Michael J. Davis
                                                        Michael J. Davis
                                                        Chief Judge
                                                       United States District Court