UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MID-CENTURY INSURANCE CO.,

      Plaintiff,

                                  **ORDER**
v.                                Civil File No. 89-245 (MJD/FLN)

NORTH STAR AUTO, et al.,

      Defendants.

This matter is before the Court on Joseph Stark's letter returning $7,500 to the Court [Docket No. 36] and on Maas Motors, Inc.'s Motion for Release of Unclaimed Funds [Docket No. 37].

This matter arose out of the 1988 bankruptcy of Nord Motor Company ("Nord"), which was insured by Plaintiff Mid-Century Insurance Company. On December 1, 1988, Plaintiff filed a Complaint in Interpleader in the United States Bankruptcy Court for the District of Minnesota. The Complaint was filed to allow Plaintiff to transfer the proceeds of a $25,000 Minnesota Motor Vehicle Dealer Bond to the Clerk of Court, so that the various claimants in this action would be required to interplead and determine their respective rights to the proceeds of the $25,000 bond. Plaintiff took this action due to the multiple claims made by various parties concerning entitlement to the proceeds.

This action was subsequently transferred to the District Court on March 27, 1989. On June 21, 1989, Plaintiff deposited $25,000 with the Clerk of Court. [Docket No. 7] This $25,000 constituted the Bond proceeds which were the subject of the Interpleader action. Ultimately, the claims of the defendants were never adjudicated, and on January 29, 1993 the case was closed because it had been pending for three years, with no action for over a year. [Docket No. 13] Consequently, the $25,000 proceeds of the bond were never distributed.

On January 12, 2011, the Court ordered that the defendants in this action would have 30 days to submit a claim explaining their entitlement to the bond proceeds which were the subject of this action. [Docket No. 14] Notice was provided electronically and by mail to the various defendants.

After nearly a year, only one of the defendants had responded to the Court's notice. On February 10, 2011, the Court received a letter from Joseph Stark related to his 1988 claim in this matter. [Docket No. 17] The record reflected that no party had ever objected to Stark's claim for $7,500. The Court released $7,500 to Stark.

On July 31, 2013, the Court received a motion to release $4,000 in funds from Defendant Cyrus Juneau. [Docket Nos. 23-25] No party ever filed an

objection to Juneau's claim.  In September 2013, the Court released $4,000 to Juneau.

On November 13, 2013, Maas Motors, Inc. ("Maas") filed a Motion for Release of Unclaimed Funds.  [Docket No. 28]  Maas claimed that it was owed $24,151.37 out of the unclaimed funds, but requested that the Court a payment of $13,500, the remaining amount then held by the Court.  No objections to Maas' request were filed.  On December 19, 2013, the Court granted Maas' motion, releasing $13,500 to Maas.  [Docket No. 33]

As of December 19, 2013, there were then no remaining funds for this matter held in the Court's Unclaimed Funds Account.  Because no objections or other claims had been made in the 24 years that the funds had been held in the Court's account, the Court held that any other potential claimants had waived their claims on the bond.  The Court then entered Judgment in this matter. [Docket No. 34]

On January 2, 2014, Stark returned the $7,500.00 payment to the Court and explained that, in fact, he had already been paid for his losses and was not entitled to the $7,500.00 from the unclaimed funds account in this case.  [Docket No. 36]  On January 16, 2014, the Court vacated the Order transferring $7,500.00

to Stark and deposited the $7,500.00 back in the Unclaimed Funds Account. [Docket No. 41]

On January 16, 2014, Maas filed a new motion requesting that the $7,500 now in the unclaimed funds account be awarded to Maas as further payment towards its claim. [Docket No. 37] No objections have been filed. Based on the reasoning in the Court's December 19, 2013 Order, the Court concludes that Maas is entitled to the $7,500 now in the Unclaimed Funds Account.

The Court also interprets Stark's letter and Maas' new motion to include a request to vacate or amend the Court's December 19, 2013 Judgment in this matter, pursuant to Federal Rule of Civil Procedure 59 or 60. These motions were filed both within 28 days of the Judgment and within a reasonable time. Because the December 19 Judgment does not accurately reflect that final status of this case, that request is granted.

There are now no remaining funds for this matter held in the Court's Unclaimed Funds Account. Given that no objections and no other claims have been made in the 24 years that the funds have been held in the Court's account, the Court holds that any other potential claimants have now waived their claims on the bond. The Court will entertain no further claims.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Maas Motors, Inc.'s Motion for Release of Unclaimed Funds [Docket No. 37] is **GRANTED**, and the Clerk of Court shall transfer $7,500 from the Unclaimed Funds Account and disburse that amount to: Maas Motors, Inc., in care of its attorney, Lee W. Mosher, Davern McLeod & Mosher LLP, Suite 180 Valley Square Corporate Center, 7500 Olson Memorial Highway, Golden Valley, Minnesota 55427.

2. The December 19, 2013 Judgment [Docket No. 34] is **VACATED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  March 26, 2014                                      s/ Michael J. Davis
                                                           Michael J. Davis
                                                           Chief Judge
                                                           United States District Court